# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10966

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2016

Lyle W. Cayce
Clerk

BENNY FALCON,

Plaintiff-Appellant

v.

TYLER HOLLY, Correctional Officer III,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-66

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Benny Falcon, Texas prisoner # 664986, filed a 42 U.S.C. § 1983 action against Tyler Holly, an employee of the Texas Department of Criminal Justice, alleging that Holly used excessive force against him. After a jury trial, the jury found that Holly did not use excessive force against Falcon, and the district court entered a judgment in favor of Holly. This court affirmed the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10966

Over a year after this court's decision, Falcon filed another notice of appeal of the district court's judgment and moved for leave to proceed in forma pauperis (IFP) on appeal.  The district court denied Falcon's IFP motion and certified that his appeal was not taken in good faith.  By moving for IFP status in this court, Falcon is challenging the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks and citation omitted).  Because the district court's judgment has been affirmed by this court, and this court's decision has become final, the doctrine of res judicata precludes Falcon from relitigating the issues that were raised and decided by the district court and affirmed by this court.  *See id.*

Falcon's appeal is without arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, we deny the IFP motion and dismiss the appeal.  *See Baugh*, 117 F.3d at 202; 5th Cir. R. 42.2.  The dismissal of the appeal as frivolous counts as a "strike" for purposes of the "three strikes" bar under 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Falcon previously received two strikes under § 1915(g).  *See Falcon v. Benson*, No. 5:09-CV-00073 (N.D. Tex. March 30, 2010); *Falcon v. Renouf*, No. 5:08-CV-000140 (N.D. Tex. April 20, 2009).  Because Falcon has accumulated three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

No. 15-10966

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.